THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA DAVY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSAL LANGUAGE SERVICES,<br><br>　　　　　　　Defendant. | CASE NO. C22-1702-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for a more definite statement (Dkt. No. 5),[1] Plaintiff's motions for entry of default (Dkt. Nos. 7, 16) and her motion to compel (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court find oral argument unnecessary and hereby GRANTS Defendant's motion (Dkt. No. 5) and DENIES Plaintiff's motions (Dkt. Nos. 7, 8, 16) for the reasons described herein.

I.   **BACKGROUND**

On December 1, 2022, Plaintiff filed a complaint asserting employment discrimination claims.[2] (*See* Dkt. No. 1 at 6–8.) That being said, the complaint is devoid of factual allegations. (*See generally id.*) Instead, it relies on more than 1,000 pages of seemingly disjointed exhibits

---

[1] The Court also considered this to be a request to set aside Plaintiff's motion for entry of default.

[2] Included with the complaint is a right to sue letter provided by the U.S. Equal Employment Opportunity Commission. (*See* Dkt. No. 1-5 at 205–07.)

ORDER
C22-1702-JCC
PAGE - 1

containing legal sources and legal jargon, without clear supporting factual assertions. (*See* Dkt. Nos. 1-2–1-5.) Plaintiff served the complaint and summons on Defendant on December 9, 2022. (*See* Dkt. No. 3 at 1.) Counsel appeared on Defendant's behalf on December 29, 2022. (Dkt. No. 4.) But Counsel waited until January 6, 2023 to provide the Court with Defendant's first responsive pleading, a motion for a more definite statement. (Dkt. No. 5.) In response, Plaintiff moved for entry of default (Dkt. No. 7) and to compel Defense Counsel to provide the Court with proof of citizenship and his law license (Dkt. No. 8). The Court then issued a minute order for supplemental briefing on mitigating circumstances, if any, warranting Rule 55(c) treatment for Defendant's tardy motion. (*See* Dkt. No. 9.) Following that briefing, Plaintiff renewed her motion for entry of default. (Dkt. No. 16.)

## II.   DISCUSSION

### A.   The Court <u>Sets Aside</u> Plaintiff's Motions for Entry of Default

A responsive pleading is due within 21 days of service. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant did not meet this deadline. This is uncontroverted. And, as a result, Plaintiff seeks default judgment. (*See* Dkt. Nos. 7, 16.) But this is "a drastic step appropriate only in extreme circumstances." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

In determining whether good cause exists pursuant to Rule 55(c) to set aside default, the Court may consider any of the following disjunctive factors: whether default resulted from the defendant's culpable conduct, whether the defendant otherwise had a meritorious defense, and/or resulting prejudice to the plaintiff. *See Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091. Here, good cause exists. This is based on an application of the factors described above,[3]

---

[3] **First**, nothing in the record supports a finding of culpable conduct, which requires bad faith, *i.e.*, an intent to interfere with the legal process to benefit oneself. *See Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092. Mere carelessness does not constitute bad faith. *See id.* Here, Defendant's tardiness is explainable and Defense Counsel diligently worked to respond to Plaintiff's complaint once he received it, despite aggravating personal circumstances. **Second**, Defendant may have a meritorious defense, specifically, that Plaintiff was an independent

the sheer size of Plaintiff's complaint, inclusive of its voluminous exhibits, (*see* Dkt. Nos. 1–1-5), and the circumstances described by Defense Counsel.[4]

### B. Defendant's Motion for More Definite Statement

The exhibits supporting Plaintiff's threadbare complaint are voluminous, disjointed, and not clearly relevant to the causes of action asserted in the complaint. Those exhibits contain copies of the United States and Washington State Constitutions, assorted acts and treaties of unarticulated significance,[5] spurious legal authority, incohesive tangents,[6] a selection of

---

contractor rather than an employee. (*See* Dkt. No. 14 at 4.) When the movant in a motion to set aside an entry of default has a meritorious defense, any doubt "should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986). **Third**, given the relatively short delay, the Court is pained to understand how Plaintiff could be prejudiced here. (*See* Dkt. No. 15.) Prejudice requires a showing of tangible harm, not mere delay. *See TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001). And Plaintiff has made no such showing here.

[4] According to Counsel, initially, there was confusion amongst which of Defendant's staff could respond to the complaint and summons. (*See id.* Dkt. No. 14 at 1–2.) As a result, it took a couple weeks before they notified Defense Counsel of the suit. (*Id.*) And at the time, he was abroad visiting family. (*Id.*) Nevertheless, Counsel quickly reviewed the complaint and exhibits, conducted research, communicated with his staff, reactivated access to the Court's electronic filing service, and filed a notice of appearance. (*Id.*) He did all of this in less than a week, while travelling internationally visiting family. (*Id.*)

[5] For example, within the exhibits is text labeled as the "Treaty of Peace and Friendship," which likely refers to an international treaty between the United States and Morocco, and text from the "Enabling Act of 1889." (Dkt. No. 1-2 at 3, 10.)

[6] For example, the exhibits include the following text:

> "It is perhaps the scheme of usury that is the 'White House' run amuck – an UNCONSTITUTIONAL executive prestige- whose vice president was not elected by any separate ballot as per the United States Constitution and therefore the Presidency is may be unconstitutional and therefore no justice appointed by him or her is be lawful or it is that the Straw Man (Double Agent) which has extended an failed; doomed Confederate Union on the breaking backs and needled arms of the enslaved the peoples of the USA who do not know they are pharmaceutical slaves or chattel instruments, or that they have accepted their assigned role as biological agents of the Enemies of the United States; the United States of America Confederate Union."

(*See* Dkt. No. 1-2 at 17.)

Defendant company's policies and Plaintiff's right to sue letter (Dkt. No. 1-5 at 190–207), along with various other documents. Other than the right to sue letter, the exhibits provide little information on the basis of Plaintiff's claims. As such, Defendant moves for a more definite statement, seeking clarification of Plaintiff's claims, proper defendants, and factual bases for relief. (Dkt. No. 5 at 1.)

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).[7] The moving party must specify "the defects complained of and the details desired." *Id*. And a pleading must set forth: "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Plaintiff's complaint does not sufficiently comport with Rules 8 and/or 10. The allegations are conclusory. They do not specify what Defendant did or failed to do, or why such actions or failures entitle Plaintiff to relief. (*See generally* Dkt. No. 1-2–5.) Nor is it even clear whether Plaintiff is asserting claims as an employee or independent contractor. Therefore, Defendant cannot reasonably prepare a response. For this reason, Defendant's motion for a more definite statement (Dkt. No. 5) is GRANTED.

### C.  Motion to Compel

Plaintiff moves to compel production of Defense Counsel's "Attorney License and Proof of Citizenship." (Dkt. No. 8.) But nothing in the Federal Rules of Civil Procedure or the Local

---

[7] Although courts hold *pro se* plaintiffs to less stringent pleading standards than represented parties, *see Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995), courts may order *pro se* litigants to provide more definite statements. *See, e.g.*, *Dorsey v. Am. Express Co.*, 499 F. Supp. 2d 1, 2 (D.D.C. 2007) (denying the defendants' motion to dismiss and granting the defendants' motion in the alternative for a more definite statement).

1 Rules allows for such a request. The Clerk of the Court, independently, determines whether

2 counsel may practice before the Court. *See* LCR 83.1(a). And here, the Clerk did so. *See* LCR

3 83.1(c)(1). For this reason, Plaintiff's motion to compel (Dkt. No. 8) is DENIED.

**III. CONCLUSION**

For the reasons described above, the Court SETS ASIDE Plaintiffs motions for entry of default (Dkt. Nos. 7, 16) and DENIES Plaintiff's motion to compel (Dkt. No. 8). The Court also GRANTS Defendant's motion for a more definite statement (Dkt. No. 5).

In order to avoid dismissal of her case, Plaintiff is DIRECTED to file an amended complaint no later than 30 days from the date of this Order containing detailed factual allegations, ***not formulaic legal conclusions***, supporting each cause of action asserted. The allegations must be asserted in discrete numbered paragraphs.[8] In addition, the complaint must Clarify whether Plaintiff's is asserting her claims as an independent contractor or employee.

DATED this 6th day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[8] Attachments or exhibits are not required. Nevertheless, to the extent Plaintiff believes they are necessary, they must have a direct bearing on the factual allegations contained in the complaint. Legal sources, such as the United States Constitution, the Washington State Constitution, the Enabling Act of 1899, or any other act or law related to state or federal governments' powers or duties need not and should not be provided.