THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA M. DAVY,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNIVERSAL LANGUAGE SERVICE, INC.,<br><br>                    Defendant. | CASE NO. C22-1702-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for a judgment on the pleadings (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiff alleges that during the COVID-19 pandemic and based on her decision not to be vaccinated against the COVID-19 virus, her employer (a) limited her to remote work in accordance with Washington's COVID-19 vaccination mandate for healthcare providers and, upon her request for a religious exemption from the mandate, (b) terminated her. (Dkt. No. 18 at 1–6.) On this basis, she brings claims pursuant to Title VII of the Civil Rights Act of 1964 and the Washington Law Against Discrimination. (*Id.* at 7–9.)

Defendant moves for a Rule 12(c) judgment on the pleadings, arguing that Plaintiff fails to state a plausible claim for relief under either law based on theories of a failure to

accommodate, discrimination, or retaliation. (Dkt. No. 20 at 6–15.) Plaintiff did not file a timely response in opposition.

A motion brought under Federal Rule of Civil Procedure 12(c) "faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Thus, "judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996). While the Court accepts all factual allegations in the complaint when considering a Rule 12(c) motion, the Court "need not accept as true a legal conclusion presented as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this pleading standard does not require detailed factual allegations, it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). After disregarding any "formulaic recitation of the elements of a cause of action," the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Under LCR 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Accordingly, the Court takes Plaintiff's failure to file a response to Defendant's motion as an admission that the motion has merit. Defendant's motion (Dkt. No. 20) is GRANTED. Plaintiff's complaint is DISMISSED with prejudice.[1]

//

//

//

---

[1] Given that (a) this is not the first complaint filed by Plaintiff in this action, and (b) the Court dismissed with prejudice a similar case brought by Plaintiff against another employer, *see Davy v. Cross Cultural Commun., Inc.*, 2023 WL 2330361, slip op. at 1 (W.D. Wash. Mar. 2, 2023), the Court finds that further amendment here would be futile. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

1  DATED this 11th day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE